■ In the Matter of WILLIAM ANDERSON et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v FRED J. BUSCAGLIA, as Commissioner of the Erie County Department of Social Services, Appellant, and PHILIP TOIA, as Commissioner of the New York State Department of Social Services, Respondent. — Judgment modified and, as modified, affirmed, without costs, in accordance with memorandum. All concur. Callahan, J., not participating. Memorandum: This article 78 proceeding challenges Social Services' practice of automatically terminating medical assistance benefits without notice or a hearing once Supplemental Security Income benefits (SSI) are discontinued by the Federal Department of Health, Education and Welfare. Pursuant to a contract between the State Department of Social Services and the Social Security Administration medical assistance benefits (Medicaid) were automatically extended — without separate application — to individuals whom the Social Security Administration found eligible to receive SSI benefits. Petitioners were determined to be eligible for SSI by the Social Security Administration and their Social Security numbers were thereafter added to a computer listing which the Social Security Administration forwarded to respondent on a monthly basis and Medicaid was then automatically extended to them. Respondent Fred J. Buscaglia, as Commissioner of the Erie County Department of Social Services, extended Medicaid to individuals such as petitioners, however, only so long as their Social Security numbers appeared on the monthly printout. If for any reason an individual Social Security number was removed from that list respondent terminated that person's Medicaid without notice or an administrative hearing. In 1976 petitioners' SSI benefits were discontinued. Respondent thereupon automatically terminated their Medicaid. It is conceded that the eligibility requirements for SSI are stricter than the eligibility rules for Medicaid and, while all recipients of SSI are categorically entitled to Medicaid, the converse is not true. Petitioners claim that they were at all times eligible to receive Medicaid despite their ineligibility to receive SSI. Special Term enjoined respondent's practice as a violation of State and Federal regulations, reinstated the benefits and directed that respondent notify recipients of their termination from the categorically needy Medicaid program and conduct hearings when necessary to determine eligibility for further medical assistance. Special Term allowed the action to proceed as a class action and described the class as "all those individuals residing in Erie County who have had their medical assistance benefits automatically terminated without first being afforded the procedural due process protections of 18 NYCRR 358.8 and 45 CFR 205.10, as a direct result of their removal from current payment status from the Supplemental Security Income program without an independent. determination having first been made by respondent with respect to their possible continued eligibility for medical assistance benefits." Special Term ordered respondent to

retroactively reimburse class members for medical expenses incurred "during the period of summary termination of their medical assistance benefits so long as they remained otherwise eligible." Other relief consisting of permission to proceed as "poor persons" and attorneys' fees was granted. Respondent appeals and together with the New York State Department of Social Services as *amicus curiae* contend that the controversy is not judiciable, that petitioners were improperly certified as a class, that the award of retroactive reimbursement was improper, and that petitioners were not entitled to attorneys' fees. We disagree on all points and affirm for the reasons stated at Special Term with one modification based on the decision of the United States District Court in *Stenson v Blum* (476 F Supp 1331, affd 628 F2d 1345, cert den 449 US 885). *Stenson* involved a class action suit in Federal District Court which adjudicated the identical issues when Medicaid was terminated in the same manner as in the instant case. The class certified in *Stenson* consists of "New York State residents who received Medicaid due to their eligibility for SSI and whose Medicaid benefits have been terminated because of subsequent ineligibility for SSI without having received one or more of the following: (a) an ex parte determination of continued eligibility for Medicaid, independent of eligibility for SSI; (b) timely and adequate notice of such termination; (c) an opportunity for a hearing." The *Stenson* class includes Erie County residents whose Medicaid was terminated and, thus, petitioners in the instant case are also class members in *Stenson*. The court there held that the practice of automatic termination of Medicaid without due process notice or a hearing contravenes the requirements of the Social Security Act and regulations promulgated thereunder. Since *Stenson* was decided nine days after the order of Special Term was entered and neither party has sought to invoke its use (CPLR 3211, subd [a], par 5; 3211, subd [e]; 3018, subd [b]), it cannot have *res judicata* effect on the instant proceeding. It is, however, persuasive authority that respondent's practice violated applicable Federal and State regulations. Like petitioners here, petitioners in *Stenson* sought declaratory and injunctive relief. Although the court granted the prospective relief sought and enjoined the State from a termination, reduction or suspension of Medicaid after the Federal Government has notified the State that such individuals' SSI benefits have been reduced, terminated or suspended without due process, and under certain conditions reinstated benefit eligibility pending lawful termination, it denied damages in the form of retroactive payments on the ground that relief against the State in the form of damages is barred by the Eleventh Amendment *(Stenson v Blum, supra,* p 1342, citing *Edelman v Jordan,* 415 US 651). Insofar as a final determination has been reached in *Stenson* as of October 6, 1980 when certiorari was denied by the Supreme Court, the order thereunder has taken effect and has provided similar prospective relief to the petitioners as was granted by Special Term. Comprehensive prospective relief which is statewide in scope was afforded to petitioners in *Stenson*. In the interests of comity and judicial economy substantially duplicative relief should not be ordered in both cases and Special Term's award of prospective relief enjoining automatic termination of Medicaid and reinstating benefit eligibility pending lawful termination should be vacated. (Appeal from judgment of Erie Supreme Court — art 78.) Present — Cardamone, J. P., Simons, Callahan, Moule and Schnepp, JJ.